Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | |
|---|---|
| **Bruce Kok**, an individual; | No. |
| Plaintiff, | **COMPLAINT** |
| v. | |
| **Palisades Collection, L.L.C.; Experian Information Solutions, Inc.; Trans Union, LLC, Equifax Information Services, LLC;** | (Jury Trial Demanded) |
| Defendants. | |

Plaintiff, Bruce Kok, by and through counsel undersigned and in good faith, alleges as follows:

**I. PRELIMINARY STATEMENT**

1. Plaintiff brings this action for damages based upon Defendant' Palisades' violations of the Fair Debt

Collection Practices Act, 15 U.S.C. §§1692 *et seq.* (hereinafter "FDCPA"), and Defendants' violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §§ 1681 *et seq.* Plaintiff seeks an award of statutory damages, actual damages, punitive damages, costs and attorney's fees.

**II. STATUTORY STRUCTURE OF FDCPA.**

2. Congress passed the FDCPA to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent state action to protect consumers against debt collection abuses. FDCPA § 1692.

3. The FDCPA is designed to protect consumers who have been victimized by unscrupulous debt collectors regardless of whether a valid debt exists. Baker v. G.C. Services Corp., 677 F.2d 775, 777 (9th Cir. 1982).

4. The FDCPA defines a "consumer" as any natural person obligated or allegedly obligated to pay any debt. FDCPA § 1692a(3).

5. The FDCPA defines "debt" as any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance,

or services which are the subject or the transaction are primarily for personal, family, or household purposes. FDCPA § 1692a(5).

6. The FDCPA defines "debt collector' as any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another. FDCPA § 1692a(6).

7. Any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damage sustained; statutory damages up to $1,000; attorney's fees as determined by the Court and costs of the action. FDCPA § 1692k.

## III. STATUTORY STRUCTURE OF FCRA.

8. When Congress enacted the FCRA in 1970, it recognized that "Unfair credit methods undermine the public confidence which is essential to the continued functioning of the banking system." FCRA § 1681(a)(1).

9. Congress crafted the FCRA to protect consumers from the transmission of inaccurate information about them. Kates v. Croker National Bank, 776 F.2d 1396, 1397 (9th Cir. 1985).

10. In 1996 Congress amended the FCRA imposing upon furnishers of information, such as the defendant herein, detailed and specific responsibilities, including those in FCRA § 1681s-2(b). The furnisher has its own obligation to conduct a reasonable investigation of Plaintiff's disputes. Johnson v. MBNA, 357 F.3d. 426 (4th Cir. 2004); Cushman v. Trans Union Corporation, 115 F.3d 220, 227 (3d Cir. 1997).

11. Any furnisher which fails to conduct a reasonable investigation under FCRA § 1681s-2(b), is liable to the consumer for any actual damages sustained, and if the failure is willful, then actual damages sustained or statutory damages of not less than $100 and not more than $1,000, and punitive damages, together with attorney's fees and costs of the action. FCRA §§ 1681n and *o*.

## IV. JURISDICTION

12. Jurisdiction of this Court, over this action and the parties herein, arises under 15 U.S.C. §1692k(d) (FDCPA), 15 U.S.C. § 1681p (FCRA), and 28 U.S.C. § 1331. Venue lies in the Phoenix Division of the District of Arizona as Plaintiff's claims arose from acts of the Defendant perpetrated therein.

## V. PARTIES

13. Plaintiff is a citizen of Maricopa County, Arizona.

14. Plaintiff was allegedly obligated to pay a consumer debt and is a "consumer" as defined by FDCPA § 1692a(3) and FCRA § 1681a(c).
15. Defendant Palisades Collection, L.L.C. ("Palisades") is a New Jersey limited liability company registered and authorized to conduct business within the state of Arizona.
16. Palisades is licensed as a collection agency by the Arizona Department of Financial Institutions, license number 0907542.
17. Palisades regularly collects or attempts to collect debts owed or asserted to be owed or due another.
18. Palisades regularly collects or attempts to collect debts which it has purchased after default.
19. Palisades is a "debt collector" as defined by FDCPA § 1692a(6).
20. Palisades is a "person" as defined by FCRA § 1681a(b).
21. Palisades is a "furnisher" of information as contemplated by FCRA § 1681s-2(a) & (b), who regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.
22. Experian Information Solutions, Inc. ("Experian") is an Ohio corporation conducting business within the

state of Arizona.

23. Experian is both a “person” and a “consumer reporting agency” as those terms are defined and contemplated under the FCRA.

24. Trans Union, LLC (“Trans Union”) is an Delaware corporation conducting business within the state of Arizona.

25. Trans Union is both a “person” and a “consumer reporting agency” as those terms are defined and contemplated under the FCRA.

26. Equifax Information Services, LLC (“Equifax”) is a Geogia limited liability company conducting business within the state of Arizona.

27. Equifax is both a “person” and a “consumer reporting agency” as those terms are defined and contemplated under the FCRA.

**VI. FACTUAL ALLEGATIONS**

28. Prior to 2000, Plaintiff incurred a debt with AT&T for personal, family or household purposes.

29. Plaintiff defaulted on the AT&T debt in November 2000.

30. Plaintiff’s AT&T account was subsequently assigned or sold to Palisades for collection purposes.

31. On or about January 5, 2007, Palisades filed suit against Plaintiff on the AT&T debt in the McDowell Mountain Justice Court.

32. On or about August 16, 2007, Palisades filed a Notice of Dismissal on the Justice Court case. A copy of the Notice of Dismissal is attached hereto as Exhibit A.

33. In the Notice of Dismissal, Palisades states that the case was dismissed "on the grounds that the matter has been compromised and or settled."

34. In or March 2008, Palisades reported the AT&T account to Plaintiff's credit file with Experian, Trans Union and Equifax, showing that the account as opened in March 2005, and that it was a current account with a balance owing of $904 as of March 2008.

35. Upon information and belief, when it reported account, Palisades failed to notify each of the consumer reporting agencies that Plaintiff disputed the debt.

36. In March 2008, Plaintiff sent a letter to Experian disputing the Palisades tradeline, stating that the Palisades debt defaulted with AT&T in November 2000, and that the debt was too old to collect, and too old to report on his credit report.

37. Plaintiff attached a copy of the Notice of Dismissal to his letter to Experian.

38. Upon information and belief, upon receipt of Plaintiff's dispute letter and attachment, Experian contacted Palisades by sending an electronic Consumer Dispute Verification Form or ACDV.

39. Upon information and belief, Experian did not send Palisades a copy of Plaintiff's dispute letter, or a copy of the Notice of Dismissal attached to the letter.

40. Upon information and belief, Palisades returned the ACDV to Experian indicating that its tradeline as reported was correct.

41. On April 14, 2008, Experian sent Plaintiff notice that Palisades verified its tradeline, and that it remains on his Experian credit report.

42. Upon information and belief, Experian's investigation of Plaintiff's dispute of the Palisades tradeline consisted only of contacting Palisades through sending an ACDV.

43. In March 2008, Plaintiff sent a letter to Equifax disputing the Palisades tradeline, stating that the Palisades debt defaulted with AT&T in November 2000, and that the debt was too old to collect, and too old to report on his credit report.

44. Plaintiff attached a copy of the Notice of Dismissal to his letter to Equifax.

45. Upon information and belief, upon receipt of Plaintiff's dispute letter and attachment, Equifax contacted Palisades by sending an electronic Consumer Dispute Verification Form or ACDV.

46. Upon information and belief, Equifax did not send Palisades a copy of Plaintiff's dispute letter, or a copy of the Notice of Dismissal attached to the letter.

47. Upon information and belief, Palisades returned the ACDV to Equifax indicating that its tradeline as reported was correct.

48. On May 12, 2008, Equifax notified Plaintiff that Palisades verified its tradeline, changing only the date for the first date of delinquency to March 1, 2003, and that it remains on his Equifax credit report.

49. Upon information and belief, Equifax's investigation of Plaintiff's dispute of the Palisades tradeline consisted only of contacting Palisades through sending an ACDV.

50. In March 2008, Plaintiff sent a letter to Trans Union disputing the Palisades tradeline, stating that the Palisades debt defaulted with AT&T in November 2000, and that the debt was too old to collect, and too old to report on his credit report.

51. Plaintiff attached a copy of the Notice of Dismissal to his letter to Trans Union.

52. Upon information and belief, upon receipt of Plaintiff's dispute letter and attachment, Trans Union

contacted Palisades by sending an electronic Consumer Dispute Verification Form or ACDV.

53. Upon information and belief, Trans Union did not send Palisades a copy of Plaintiff's dispute letter, or a copy of the Notice of Dismissal attached to the letter.

54. Upon information and belief, Palisades returned the ACDV to Trans Union indicating that its tradeline as reported was correct.

55. On May 1, 2008, Trans Union sent Plaintiff notice that Palisades verified its tradeline, and that it remains on his Trans Union credit report.

56. Upon information and belief, Trans Union's investigation of Plaintiff's dispute of the Palisades tradeline consisted only of contacting Palisades through sending an ACDV.

57. Palisades reported the AT&T account to consumer credit agencies for collection purposes.

58. Palisades verified and continued its reporting of the AT&T account to Plaintiff's credit reports for collection purposes.

59. Upon information and belief, in or about 2006, Plaintiff disputed the Palisades tradeline to all three consumer reporting agencies.

60. Upon information and belief, Palisades verified to

each of the consumer reporting agencies that the debt was valid.

61. Palisades has continued to report inaccurate, derogatory and improper information and failed to retract, delete and/or suppress inaccurate, derogatory and improper information about the Plaintiff, as described more fully herein.

62. As a result and proximate cause of Defendants' actions, Plaintiff has suffered actual damages.

## VII. CAUSES OF ACTION

### a. Fair Debt Collection Practices Act

63. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

64. Defendant Palisades' violations of the FDCPA include, but are not necessarily limited to, 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(8), 1692e(10), and 1692f(1).

65. As a direct result and proximate cause of Defendant Palisades' violations of the FDCPA, Plaintiff has suffered actual damages for which it is liable.

### b. Fair Credit Reporting Act

66. Plaintiff repeats, re-alleges, and incorporates by reference the foregoing paragraphs.

67. Defendant Palisades failed to conduct a reasonable investigation of Plaintiff's disputes it received from

      the consumer reporting agencies, and otherwise failed to comply with FCRA § 1681s-2(b).

68. Defendant Palisades has wilfully, or alternatively, negligently violated FCRA § 1681s-(b)on multiple occasions.

69. As a result of Defendant Palisades's actions, Plaintiff has been damaged.

70. Defendant Experian failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

71. Defendant Experian failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA.

72. Defendant Experian has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

73. Defendant Experian has willfully, or alternatively, negligently, violated FCRA §§ 1681e(b) and 1681i.

74. As a direct result and proximate cause of Experian's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff

has suffered and continues to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, higher insurance rates, and/or loss of opportunity.

75. Defendant Equifax failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

76. Defendant Equifax failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA.

77. Defendant Equifax has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

78. Defendant Equifax has willfully, or alternatively, negligently, violated FCRA §§ 1681e(b) and 1681i.

79. As a direct result and proximate cause of Defendant Equifax's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff has suffered and continues to suffer damages including, but not limited to, humiliation,

embarrassment, anxiety, credit denial, higher interest rates, higher insurance rates, and/or loss of opportunity.

80. Defendant Trans Union failed to conduct a reasonable investigation of Plaintiff's disputes, and otherwise failed to comport with FCRA § 1681i.

81. Defendant Trans Union failed to adopt and follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's consumer credit and other personal information, as required by the FCRA.

82. Defendant Trans Union has continually added, stored, maintained and disseminated personal and credit information, in consumer reports it prepared and issued, about Plaintiff which was inaccurate, false, erroneous and misleading despite notice from Plaintiff that such information was inaccurate.

83. Defendant Trans Union has willfully, or alternatively, negligently, violated FCRA §§ 1681e(b) and 1681i.

84. As a direct result and proximate cause of Defendant Trans Union's continued reporting of erroneous and adverse information on Plaintiff's credit reports, Plaintiff have suffered and continue to suffer damages including, but not limited to, humiliation, embarrassment, anxiety, credit denial, higher interest rates, higher insurance rates, and/or loss of

opportunity.

85. Pursuant to FCRA § 1681*o*, any person who is negligent in failing to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure and (2) in the case of any successful action to enforce any liability under 15 U.S.C. § 1681*o*, the costs of the action together with reasonable attorneys' fees.

86. As a result of Defendants' negligent failure to comply with the FCRA, Defendants are each liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of said failure and (2) the costs of this action together with reasonable attorneys' fees.

87. Pursuant to 15 U.S.C. § 1681n, any person who willfully fails to comply with any requirement imposed under the FCRA with respect to any consumer is liable to that consumer in an amount equal to the sum of (1) any actual damages sustained by the consumer as a result of the failure or damages or not less than $100.00 and not more than $1,000.00; (2) such amount of punitive damages as the court may allow; and (3) in the case of any successful action to enforce any

liability under 15 U.S.C. § 1681n, the costs of the action together with reasonable attorneys' fees.

88. As a result of Defendants' willful failure to comply with the FCRA, Defendants are liable to Plaintiff in an amount equal to the sum of (1) any actual damages sustained by Plaintiff as a result of the failure or damages of not less than $100.00 and not more than $1,000.00 for each such violation; (2) such amount of punitive damages as the court may allow; and (3) the costs of this action together with reasonable attorneys' fees.

## VIII. DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

## IX. PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests that judgment be entered against Defendants for:

a) Statutory damages of $1,000 pursuant to FDCPA § 1692k;

b) Actual damages for the FDCPA violations in an amount to be determined at trial;

c) Actual damages under the FCRA, or in the alternative, statutory damages of not less than $100 and not more than $1,000 per violation pursuant to FCRA § 1681n;

d) Punitive damages pursuant to FCRA § 1681n;

e) Costs and reasonable attorney's fees pursuant to §1692k and §§ 1681n and/or *o*; and

f) Such other relief as may be just and proper.

DATED May 13, 2008 .

s/ Floyd W. Bybee
Floyd W. Bybee, #012651
**LAW OFFICE OF**
**FLOYD W. BYBEE, PLLC**
4445 E. Holmes Avenue
Suite 107
Mesa, AZ 85206-5530
Office: (480) 756-8822
Fax: (480) 302-4186
floyd@bybeelaw.com

Attorney for Plaintiff

# Exhibit A

JEROLD KAPLAN LAW OFFICE, PC
330 South 1st Avenue
Phoenix AZ 85003
Frederick J Dias AZ STATE BAR NO 16458
Patricio Esquivel AZ STATE BAR NO 15048
(602) 258-8433

IN THE JUSTICE COURT OF MCDOWELL MOUNTAIN PRECINCT

COUNTY OF MARICOPA, STATE OF ARIZONA

| | |
|---|---|
| PALISADES COLLECTION LLC, ASSIGNEE OF AT&T,<br>Plaintiff,<br>V<br>BRUCE KOK AND DANA KOK, HIS WIFE AND EACH OF THEM,<br>Defendant(s), | NO. CC2007002109<br>NOTICE OF DISMISSAL |

COMES NOW the Plaintiff and moves this Honorable Court for its order dismissing without prejudice the above entitled and numbered matter on the grounds that the matter has been compromised and or settled, that Defendant(s) have not answered or otherwise appeared in this matter.

DATED this August 16, 2007.

JEROLD KAPLAN LAW OFFICE, PC

By PATRICIO ESQUIVEL
Attorney for Plaintiff

Copy of the foregoing mailed this August 16, 2007 to:
FLOYD BYBEE
2473 S Higley Rd
Suite 104 #308
Gilbert, AZ 85295-1103

By PATRICIO ESQUIVEL
Attorney for Plaintiff

537
printed: AUG 16 2007
JKLO ACCT#: 244849 WOL-58

[ ]